COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

March 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ERIC EDWARDS | ) | KNOX COUNTY |
| | ) | 03A01-9707-CV-00302 |
| Petitioner-Appellant | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. BILL SWANN, |
| | ) | JUDGE |
| | ) | |
| STATE OF TENNESSEE | ) | |
| | ) | |
| Respondent-Appellee | ) | AFFIRMED AND REMANDED |

DOUGLAS A TRANT OF KNOXVILLE FOR APPELLANT

JOHN KNOX WALKUP, Attorney General & Reporter, and MICHAEL J.

FAHEY, II, Assistant Attorney General, OF NASHVILLE FOR APPELLEE

O P I N I O N

Goddard, P.J.

Eric L. Edwards appeals the Knox County Circuit Court's denial of his petitions for post-commitment relief.  The only issue raised on appeal, which we restate, is whether Mr. Edwards can avail himself of the remedies provided by the Juvenile Post-Commitment Procedures Act, T.C.A. 37-1-301, et seq., though he is neither a juvenile nor "in custody."

Mr. Edwards was born on August 8, 1974. In July 1992, he was committed to the Department of Youth Development for possession of cocaine for sale, simple possession of marijuana, and driving a vehicle without a license. The Knox County Juvenile Court again found Mr. Edwards delinquent in June 1993 for the sale and delivery of a Schedule II narcotic and theft. The Juvenile Court retained jurisdiction for all of the above crimes and custody of Mr. Edwards until his 21st birthday.[1]

In February 1997, Mr. Edwards filed two petitions for post-commitment relief in the Knox County Circuit Court. He moved that his prior juvenile delinquency convictions be vacated on the grounds that his guilty pleas resulted from violation of his constitutional rights. Mr. Edwards was 22 years old and no longer in the custody of the Department of Youth Development when the petitions for post-conviction relief were filed.

The Circuit Court heard legal arguments in April 1997 on the petitions filed. The Court found that Mr. Edwards was not a juvenile at the time the petitions were filed, nor was the petition for post-commitment relief filed before he was discharged from the custody of the Department of Youth Development. Interpreting the Juvenile Post-Commitment Procedures Act, T.C.A. 37-1-301, *et seq.*, according to its plain meaning, the Court denied both petitions since Mr. Edwards was no longer in custody or a juvenile. The petitions were consolidated

---

[1] State Ex Rel. Anglin v. Mitchell, 596 S.W.2d 779 (Tenn.1980), (stating that the court has the discretion to retain jurisdiction and control over juveniles until they reach the age of 21 years).

for purposes of appeal since the cases involved similar factual and legal issues.

Mr. Edwards currently has another criminal action pending against him in the United States District Court for the Eastern District of Tennessee at Knoxville. If Mr. Edwards is convicted in District Court, his juvenile delinquency convictions can be used to enhance his sentence under the Federal Sentencing Guidelines. The Federal Sentencing Guidelines allow courts to enhance sentences for federal crimes by using juvenile delinquency convictions if committed within five years of the commission of the present federal offense. Presumably, Mr. Edwards filed his post-commitment petitions so that his juvenile delinquency convictions could not be used to enhance his potential sentence in Federal Court.

The only issue raised, as previously noted, is whether Mr. Edwards can obtain the remedies provided by the Juvenile Post-Commitment Procedures Act, even though he is no longer a juvenile nor "in custody." The operative provision of the Juvenile Post-Commitment Procedures Act applicable in this case is T.C.A. 37-1-302. This Section explains when juveniles can petition for post-commitment relief. T.C.A. 37-1-302 states that:

> A juvenile in the custody of the department of children's services pursuant to a commitment by a juvenile court of this state may petition for post-commitment relief under this part at any time after the juvenile has exhausted the juvenile's appellate remedies or time for an appeal to the circuit court pursuant to § 37-1-159, or the juvenile's appeal in the nature of a writ of error from the judgment of the

circuit court has passed and before the juvenile has been discharged from the custody of the department.

The Tennessee Legislature provided a definition of "custody" to be used in the statutory part governing juvenile courts and proceedings, T.C.A. 37-1-101 through T.C.A. 37-1-616. The Juvenile Post-Conviction Procedures Act is included within the part governing juvenile courts and proceedings.  Therefore, the Legislature's definition of custody must be applied to the Act unless the context otherwise requires.  T.C.A. 37-1-102(b). T.C.A. 37-1-102(b)(8) defines "custody" as follows:

> Custody means the control of actual physical care of the child and includes the right and responsibility to provide for the physical, mental, moral and emotional well-being of the child.  "Custody," as herein defined, relates to those rights and responsibilities as exercised either by the parents or by a person or organization granted custody by a court of competent jurisdiction.  "Custody" shall not be construed as the termination of parental rights set forth in § 37-1-147. "Custody" does not exist by virtue of mere physical possession of the child.

Mr. Edwards argues that the Juvenile Post-Commitment Procedures Act is patterned after the forerunner of the present Tennessee Post-Conviction Relief Act, for adults, found in what was formerly T.C.A. 40-3801, *et. seq.*  The language of both Statutes is similar.[2]  In <u>State v. McCraw</u>, 551 S.W.2d 692 (Tenn.1977), the Tennessee Supreme Court decided the meaning of "in custody" under the repealed Tennessee Post-Conviction Relief

---

[2]     T.C.A. 40-3802 provides that:

A prisoner in custody under sentence of a court of this state may petition for post-conviction relief under this chapter at any time after he has exhausted his appellate remedies or his time for appeal in the nature of a writ of error has passed and before the sentence has expired or has been fully satisfied.

Act.  The Court held that "in custody" meant any possibility of a restraint on liberty.  Mr. McCraw had already served his sentence and filed his post-conviction relief action after he was denied the opportunity to vote in a Georgia election.  Georgia denied Mr. McCraw the opportunity to vote because of his prior felony conviction.  Our Supreme Court noted that Mr. McCraw was still in custody since he continued to suffer "substantial and important collateral consequences of his conviction over and above his sentence to imprisonment" due to his inability to vote in Georgia.  McCraw, supra.

Because the language of the two Statutes are almost identical, Mr. Edwards argues that "in custody" for the Juvenile Post-Commitment Procedures Act should be interpreted according to McCraw.  Thus, since Mr. Edwards would face a continuing collateral consequence of his imprisonment through a lengthened sentence for his current federal crime due to the Federal Sentencing Guidelines, Mr. Edwards would still be "in custody" and be able to bring his post-commitment relief claim.  This argument is not completely without merit, but we note that the two Statutes are not as similar as Mr. Edwards would have us believe.  The Tennessee Post-Conviction Relief Act for adults contained no definition of "custody."  As a result, the Legislature left the task of defining the term to the courts, which resulted in the definition reached in McCraw.  However, in the Tennessee Juvenile Post-Commitment Act the Legislature did not leave to the courts the definition of custody, but rather

5

enacted a definition.  This is a critical difference between the two Statutes.

Whenever the Tennessee General Assembly clearly speaks directly to an issue, we need proceed no further because courts must give effect to unambiguous Statutes.  Spencer v. Towson Moving and Storage, Inc., 922 S.W.2d 508 (Tenn.1996), citing Kendrick v. Kendrick, 902 S.W.2d 918 (Tenn.App.1994).  If a Statute's language is devoid of ambiguity, courts must not depart from the Statute's words.  Davis v. Reagan, 951 S.W.2d 766 (Tenn.1997).  Further, "courts are restricted to the natural and ordinary meaning of the language used by the Legislature within the four corners of the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent."  Austin v. Memphis Publishing Co., 655 S.W.2d 146 (Tenn.1983).  Therefore, we must give effect to the definition of "custody" provided by the Legislature in the Juvenile Post-Commitment Procedures Act unless the definition is ambiguous.

After analyzing T.C.A. 37-1-102(b)(8) and 37-1-302, we find that these Statutes are unambiguous.  The General Assembly defined "custody" as "the control of *actual physical care* of the child and includes the right and responsibility to provide for the physical, mental, moral and emotional well-being of the child."  T.C.A. 37-1-102(b)(8).  (Emphasis supplied.)  Thus, a person is no longer in custody of the Department of Youth Development when the Department no longer has "control of actual physical care" of the juvenile.  The Legislature unambiguously limited custody to the time when the organization which is granted custody has control of the juvenile.  Once this actual

6

physical control ends, the person is no longer in custody, even if a continuing collateral consequence of imprisonment exists after actual physical custody ends. Therefore, because the Legislature unambiguously defined custody for use in the Juvenile Post-Commitment Procedures Act, we must apply this definition to the case at hand. McCraw does not apply to this Act as it did to the Adult Post-Conviction Act since the Legislature specifically defined custody.

Under T.C.A. 37-1-102(b)(8), Mr. Edwards was no longer in custody when he was released from the Department of Youth Development upon reaching his 21st birthday. Mr. Edwards filed his suits for post-commitment relief well after his 21st birthday when he was no longer in custody. Since Mr. Edwards was 22, he also was not a juvenile when he filed his petitions. It results that Mr. Edwards, not being a juvenile nor in custody, is not eligible to obtain the post-commitment relief available under the Juvenile Post-Commitment Procedures Act.

For the foregoing reasons, we affirm the Knox County Circuit Court's denial of Mr. Edwards' petitions for post-commitment relief and remand the case for such further proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against Mr. Edwards and his surety.

_____
Houston M. Goddard, P.J.

CONCUR:

7

_____
Charles D. Susano, Jr., J.


_____
William H. Inman, Sr.J.