IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____

IN THE MATTER OF:

KATERINA RICE, d/o/b 12-30-92

EDWARD RICE,

     Appellant,

Vs.

DEBBIE BRADBERRY and
LARRY BRADBERRY,

     Appellees.

FILED

February 23, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

Weakley Chancery No. 15558
C.A. No. 02A01-9809-CH-00239

_____

FROM THE CHANCERY COURT OF WEAKLEY COUNTY
THE HONORABLE WILLIAM MICHAEL MALOAN, CHANCELLOR

Edward Rice, Pro Se

Kevin McAlpin; James H. Bradberry & Associates of Dresden
For Appellees

*VACATED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

CONCUR:

ALAN E. HIGHERS, JUDGE

DAVID R. FARMER, JUDGE

This case involves a petition for termination of parental rights and adoption. Respondent-

Appellant, Edward Rice, appeals from the order of the trial court terminating his parental rights

and granting the adoption of his minor child to Petitioners-Appellees, Larry Bradberry and Debbie Bradberry.[1]

The minor child, Katerina Kayann Rice, involved in this matter was born on December 30, 1992. Mr. Rice is the biological father of the child. The child's biological mother was Kimberly Diver. Ms. Diver was killed on May 1, 1993 by Mr. Rice. Mr. Rice has been incarcerated since the death of Ms. Diver and is currently serving a life sentence without any definite release date. Since May 1, 1993, the child's maternal grandparents, Larry Bradberry and Debbie Bradberry, have had custody of the minor child.

On April 21, 1998, the Bradberrys filed a petition to adopt the minor child requesting, *inter alia*, that Mr. Rice's parental rights be terminated since he has abandoned the minor child in that he has not provided support to or visited with the minor child for more than four consecutive months preceding the filing of the petition. Subsequently, Mr. Rice filed an answer on May 6, 1998 denying the allegations that he has abandoned the minor child and contending that the reason he has been unable to visit with the minor child is because of his incarceration and that no one has brought the minor child to visit him in prison. Along with the answer, Mr. Rice also filed a petition for writ of habeas corpus ad testificandum requesting that he be present to testify at the hearing concerning the petition of adoption.

On August 10, 1998, the trial court entered a final order terminating the parental rights of Mr. Rice finding that he had abandoned the minor child by failing to support or visit the child since April 30, 1993. The order also found that the child's adoption is in the child's best interest and granted the adoption to petitioners. On the same date, the trial court entered an order denying the writ of habeas corpus ad testificandum.

Mr. Rice has appealed and presents the following issue for our review: Whether the trial court erred when it denied his petition to attend the adoption hearing thus violating his constitutional rights of due process pursuant to the Fourteenth Amendment of the United States Constitution.

Mr. Rice asserts in his brief that "the trial court denied his statutory right to be present

---

[1] The record on appeal does not contain a transcript or statement of the evidence, therefore the facts we relate are based on the information in the technical record and, as uncontroverted, in the parties' briefs.

at the hearing." Thus, he asserts that he was denied his due process rights provided by T.C.A. § 36-1-113 (1996), which his brief quotes as follows:

In T.C.A., § 36-1-113, it clearly states:

"(f) Before terminating the rights of any parent or guardian who is incarcerated or who was incarcerated at the time of an action or proceeding is initiated, it must be affirmatively show [sic] to the court that such incarcerated parent or guardian received actual notice of the following:

(1) The time and place of the hearing to terminate parental rights;

(2) That the hearing will determine whether the rights of the incarcerated parent or guardian should be terminated;

(3) That the incarcerated parent or guardian has the right to appear at such hearing and contest the allegation that the rights of the incarcerated parent or guardian should be terminated;

(4) That if the incarcerated parent or guardian wishes to appear at the hearing and the allegation, such incarcerated parent or guardian will be provided with transportation to such hearing and, if indigent, will be provided with a court-appointed attorney to assist such person in contesting the allegation; and. . . ."

Unfortunately for Mr. Rice, the part of the statute quoted in his brief was no longer the law at the time the petition in the instant case was filed. T.C.A. § 36-1-113(f) (Supp. 1998) provides, as effective June 2, 1997, as follows:

Before terminating the rights of any parent or guardian who is incarcerated or who was incarcerated at the time of an action or proceeding is initiated, it must be affirmatively shown to the court that such incarcerated parent or guardian received actual notice of the following:
(1) The time and place of the hearing to terminate parental rights;
(2) That the hearing will determine whether the rights of the incarcerated parent or guardian should be terminated;
(3) That the incarcerated parent or guardian has the right to participate in the hearing and contest the allegation that the rights of the incarcerated parent or guardian should be terminated, and, at the discretion of the court, such participation may be achieved through personal appearance, teleconference, telecommunication or other means deemed by the court to be appropriate under the circumstances;
(4) That if the incarcerated parent or guardian wishes to participate in the hearing and contest the allegation, such parent or guardian:

3

(A) If indigent, will be provided with a court-appointed attorney to assist the parent or guardian in contesting the allegation; and

(B) Shall have the right to perpetuate such person's testimony or that of any witness by means of depositions or interrogatories as provided by the Tennessee Rules of Civil Procedure; and

(5) If, by means of a signed waiver, the court determines that the incarcerated parent or guardian has voluntarily waived the right to participate in the hearing and contest the allegation, or if such parent or guardian takes no action after receiving notice of such rights, the court may proceed with such action without the parent's or guardian's participation.

Thus, it is clear under § 36-1-113(f)(3) (Supp. 1998), that it is within the trial court's discretion to determine the nature of the incarcerated parent's participation in the proceeding.

Virtually, the same issue in the case sub judice was before this Court in **State, Dept. of Children's Services v. Moss**, No. 01A01-9708-JV-00424, 1998 WL 122716 (Tenn. App. March 20, 1998). In **Moss**, the father, who was incarcerated at the time, contended that his due process rights had been violated by the failure of the trial court to require his presence at the parental rights termination hearing.

Although the petition in **Moss** was filed in 1996, and the trial court hearing was held on December 18, 1996, this Court, and apparently the trial court, failed to discuss the provisions of T.C.A. § 36-1-113(f)(3), then in force as quoted in Mr. Rice's brief. The Court quoted T.C.A. § 41-21-304,[2] and the Court opined that the current status of the law is that party defendants have no absolute right to be in attendance at the hearing of a civil matter. **Id.** at *5. Moreover, the Court stated that if the incarcerated defendant has been afforded an adequate opportunity to present a meaningful defense, there is nothing to prohibit the court from proceeding with the matter in the absence of the incarcerated defendant. **Id.** "Whether to permit a prisoner in a civil case to be physically present at court should be left within the trial court's sound discretion with the instruction that this discretion should be exercised with the best interest of both the prisoner

_____

[2] T.C.A. 41-21-304 (1997) provides:

(a) In no civil case can a convict be removed from the penitentiary to give personal attendance at court, but testimony may be taken by deposition, as in other cases. . . .

4

and the government in mind." *Id.* at \*6. The Court held that the incarcerated father's due process rights were not violated by the trial court's failure to require his presence at the termination hearing. We agree with the *Moss* Court's reasoning in view of the provisions of the present statute vesting discretion in the trial court.

In its order denying Mr. Rice's petition for writ of habeas corpus ad testificandum, the trial court stated, in pertinent part, as follows:

> . . . [U]pon the Petition for Writ of Habeas Corpus ad Testificandum, statements of counsel, and, in fact, upon the entire record in this cause, from all of which it appears to the Court that the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, the potential danger to society, the probability of success on the merits, and the interests of the inmate in presenting his testimony in person dictate that the petition should be denied.

Given the foregoing, it appears that the trial court considered the appropriate factors in the determination concerning Mr. Rice's attendance at trial, thus correctly denying his request to attend.

Notwithstanding the above conclusion, our inquiry is not over. From a review of the record and the briefs submitted, there remains an issue before us as to whether the trial court erred in terminating the parental rights of Mr. Rice. In the final order of adoption, the trial court based its decision to terminate Mr. Rice's parental rights on grounds that Mr. Rice had abandoned his minor child in that he "has not seen nor paid child support for the child since April 30, 1993."

It appears that the trial court focused on the wrong time period in determining whether Mr. Rice had abandoned the minor child for purposes of terminating his parental rights. T.C.A. § 36-1-113 (Supp. 1998) provides in pertinent part:

> (c) Termination of parental or guardianship rights must be based upon:
> (1) A finding by the court by clear and convincing evidence that the grounds for termination of parental or guardianship rights have been established; and
> (2) That termination of the parent's or guardian's rights is in the best interests of the child.

Grounds for termination of parental rights are set forth in T.C.A. § 36-1-113(g) (Supp. 1998) which provides in pertinent part:

> (g) Initiation of termination of parental or guardianship rights may be based upon any of the following grounds:

(1) Abandonment by the parent or guardian, as defined in § 36-1-102, has occurred;

\* \* \*

(6) The parent has been confined in a correctional or detention facility of any type, by order of the court as a result of a criminal act, under a sentence of ten (10) or more years, and the child is under eight (8) years of age at the time the sentence is entered by the court.

Concerning what constitutes abandonment, T.C.A. § 36-1-102 (Supp. 1998) provides, as pertinent to the circumstances of the present case, as follows:

(1)(A) "Abandonment" means, for purposes of terminating the parental or guardian rights of parent(s) or guardian(s) of a child to that child in order to make that child available for adoption, that:

\* \* \*

(iv) A parent or guardian is incarcerated at the time of the institution of an action or proceeding to declare a child to be an abandoned child, or the parent or guardian has been incarcerated during all or part of the four (4) months immediately preceding the institution of such action or proceeding, and either has willfully failed to visit or has willfully failed to support or make reasonable payments toward the support of the child for four (4) consecutive months immediately preceding such parent's or guardian's incarceration, or the parent or guardian has engaged in conduct prior to incarceration which exhibits a wanton disregard for the welfare of the child.

The trial court based its finding of abandonment on the period of time following Mr. Rice's incarceration. The time frame the trial court should have used was the four months prior to his incarceration. T.C.A. § 36-1-102(1)(A)(iv). Since the trial court made no finding in this regard, nor was there any reliance on T.C.A. § 36-1-113(g)(6), the case should be remanded for further proceedings. Moreover, the trial court on remand should require compliance with the provisions of T.C.A. § 36-1-113(f).

The trial court's order terminating the parental rights and granting the adoption is vacated, and the case is remanded for further proceedings consistent with this opinion. Costs of the appeal are assessed to the appellees.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**

6