324 F.2d 74
 Dorotha L. CHAMPLIN, Appellant,
v.
OKLAHOMA FURNITURE MANUFACTURING COMPANY, Appellee.
The EVANS COMPANY, d/b/a Big Red Warehouse, and National Surety Corporation, Appellants,
v.
OKLAHOMA FURNITURE MANUFACTURING COMPANY, Appellee.
 No. 7160.
 No. 7161.
 United States Court of Appeals Tenth Circuit.
 November 1, 1963.
 
 Delmer L. Stagner, Oklahoma City, Okl. (Leroy Powers, Oklahoma City, Okl., on the brief), for appellant, Dorotha L. Champlin.
 Clyde J. Watts, Oklahoma City, Okl., of Looney, Watts, Looney, Nichols and Johnson, Oklahoma City, Okl., for appellants, The Evans Co., b/d/a Big Red Warehouse, and National Surety Corp.
 Walter D. Hanson, Oklahoma City, Okl. (William L. Peterson, Jr., Oklahoma City, Okl., on the brief), for appellee.
 Before LEWIS, HILL and SETH, Circuit Judges.
 HILL, Circuit Judge.
 
 
 1
 This case was here before and an order granting summary judgment was reversed.[1] These two appeals now are from a judgment entered following a jury verdict. The principal appellant, Champlin, who was plaintiff below in case No. 7160, urges reversal upon the ground of an erroneous jury instruction. In No. 7161, the appellants, The Evans Company, d/b/a Big Red Warehouse, which was a third-party defendant below, and National Surety Corporation, which was a third-party plaintiff below, ask only, in the event of a reversal in No. 7160, that they be restored to their original respective positions in the litigation at the trial level.
 
 
 2
 The action was brought below by Champlin against the appellee, Oklahoma Furniture Manufacturing Company, to recover damages for personal injuries she received as the result of a fall from a rocking chair. In her complaint Champlin alleged that the chair had been negligently manufactured, designed and assembled by Oklahoma Furniture. Oklahoma Furniture, by its answer, denied the above allegations of the complaint, but affirmatively stated that it did manufacture and sell certain rocking chairs to the Evans Company, on whose premises the alleged fall had taken place, and that Evans Company had repaired and altered the chairs after receiving them.
 
 
 3
 The only question raised here concerns the use of the procedure provided for by Rule 36, F.R.Civ.P., 28 U.S.C.A., to procure admissions of facts. Pursuant to that Rule, Oklahoma Furniture served a set of requests for admissions of facts upon Champlin. Answers to the requests were filed by which Champlin, in substance, stated that she neither admitted nor denied that the rocking chair from which she fell was one of the chairs delivered by Oklahoma Furniture to the Evans Company on March 24, 1955. Several years after the filing of this set of answers, and after a jury trial of the case which resulted in a mistrial, Champlin amended her answers and thereby admitted the truth of the facts contained in 13 of the original requests. Following that, Champlin filed a motion to have the newly admitted facts[2] incorporated in a pre-trial order and to preclude either party from introducing any evidence contrary to such admitted facts. Such an order was then entered by the trial judge, and later a second pre-trial order was also entered. It should be noted that the first pre-trial order entered September 8, 1960, specifically states that "the issues are joined by the pleadings and no amendments are proposed by either the plaintiff or the defendant." The second pre-trial order does not indicate any change in the issues as set out in the pleadings.
 
 
 4
 In the instructions to the jury, the trial judge told the jury that the plaintiff had the burden of proving, "* * * Two, that the chair from which she fell was manufactured by the Oklahoma Manufacturing Company; * * *." Champlin contends that this was an erroneous instruction in view of her answers to the requests for admissions and the order of the court incorporating such answers into the second pre-trial order as undisputed facts in the case.
 
 
 5
 Rule 36 was designed as a device by which at least some of the material facts of a case could be established without the necessity of formal proof at the trial.[3] The Rule serves a very useful purpose in that it encourages admissions and thus, in many cases, eliminates the necessity of the formal proof of relevant facts. It is most advantageously used for that purpose prior to the pre-trial conference, and the facts established by the answers to the request for admissions may, as was done in this case, be incorporated into the pre-trial order as undisputed material facts in the case, provided, the parties are in agreement about such facts. The submission of requests for admissions by a litigant does not, in and of itself, bind the litigant to the truth or existence of the facts contained in the answers to the requests. On this point, Professor Moore in Vol. 4, Moore's Federal Practice, § 36.08, p. 2725, in discussing the effect of admissions made under Rule 36, says: "* * * The party propounding the request is not, however, bound by the answers, even though he offers them in evidence, and he may offer other more favorable as well."
 
 
 6
 The record before us fails to show that Oklahoma Furniture, at any stage of the case, agreed that the facts, as set out in the amended answers to its requests for admissions, would become binding upon it. To the contrary, a reading of the record discloses several instances during the second jury trial where counsel for Oklahoma Furniture made it plain he was not admitting that Champlin fell from one of the chairs manufactured by his client. The record also shows that at no time did Oklahoma Furniture abandon its contention that if the chair in question came from its factory, the design of such chair had been changed and altered after leaving its possession. It is true that these are inconsistent defenses but Rule 8(e)(2), F.R.Civ.P., 28 U.S.C.A., expressly permits inconsistent defenses.
 
 
 7
 In the absence of an agreement between the parties, it was error for the court, at the pre-trial stage of the case, to incorporate Champlin's amended answers to Oklahoma Furniture's requests for admissions of fact into the pre-trial order. This error was thereafter, and during the second jury trial, rectified at least to some extent. The trial court, at that time, erroneously permitted counsel for Champlin to read to the jury his motion to incorporate the answers to the requests into the pre-trial order and to consider them binding upon all of the parties, and, to thereafter also read to the jury the order of the court entered pursuant to the motion.[4] The court then, for the benefit of the jury, clarified the situation by properly stating the respective positions of the parties regarding the identity of the particular chair from which Champlin fell.[5] Consistent with this explanation the court gave the questioned jury instruction on burden of proof.
 
 
 8
 We believe, from a careful reading of the record, that when the case was submitted to the jury the burden remained on Champlin to prove that she fell from a chair manufactured by Oklahoma Furniture and it was not error to so instruct the jury.
 
 The entire judgment of the lower court is
 
 9
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Champlin v. Oklahoma Furniture Manufacturing Co., 10 Cir., 269 F.2d 918
 
 
 [2]
 The pertinent facts admitted by Champlin in her amended answers to the requests for admissions and covered by the order of the court are as follows:
 "On March 22, 1955, W. P. Evans, president of the Evans Company, doing business as Big Red Warehouse, went to Guthrie, Oklahoma, to the factory and office of the Oklahoma Furniture Manufacturing Company seeking merchandise to buy to be sold by Big Red Warehouse at a sale. (1, 3). Evans talked to Tom Fortman, who was the plant manager for the defendant (5, 6). Fortman showed Evans merchandise which included platform rocking chairs (7, 8), one type of which was a swivel platform rocking chair (9). Fortman told Evans that the platform rocking chairs were not first-class merchandise (22). The price was less than wholesale price for comparable platform rocking chairs of first class merchandise (26) and Evans agreed to buy them (30). The order was written in the handwriting of Glen Jones (34), and a copy is attached to the requests (36). Twenty-seven of these swivel rocking chairs were delivered to Big Red Warehouse on March 24, 1955 (47), and were accepted by it (49).
 "Big Red Warehouse has a retail store located at 800 South Western Avenue, Oklahoma City, Oklahoma (55). Several of these platform rocking chairs were placed in this store (55) for sale to the public (56). On March 26, 1955, Dorotha Champlin was in the Western Avenue store (57) and sat in one of these chairs (58). She fell backwards from one of these chairs (59) which was a swivel platform rocking chair (60) U943 type (61) and was one of the 27 platform rocking chairs delivered to the Big Red Warehouse on March 24, 1955 (62)."
 
 
 [3]
 Syracuse Broadcasting Corporation v. Newhouse, 2 Cir., 271 F.2d 910, 917; 4 Moore's Federal Practice, § 36.02, p.p. 2704-2707
 
 
 [4]
 "It Is Ordered that the facts set out in the plaintiff's Motion filed herein on November 6, 1961, are deemed to have been admitted by both the plaintiff and the Oklahoma Furniture Manufacturing Company for the purposes of this action only, are not disputed and neither party shall be required to introduce any evidence in support of such facts nor be permitted to introduce any evidence contrary thereto."
 
 
 [5]
 "The defendant takes the position that the chair before you is not the chair that the plaintiff fell out of or from. There is no proof before you as to that exact chair. No one knows where that chair is or what chair it is. This chair is admitted by the Court before you as being one that is similar to the one alleged by the plaintiff that she fell out of and from."