# 2001 DTA 182

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO VI DE CAGUAS/HUMACAO/GUAYAMA**
**PANEL I**

PONCE BANK, ANTES CONOCIDO POR PONCE FEDERAL, F.S.B.
Recurrido

v.

SAN PEDRO ESTATES, I.S.E., EDGAR F. MORALES RAMIREZ; FULANO DE TAL,
SUTANO DE TAL Y JUAN DEL PUEBLO
Demandados

BUFETE AXTMAYER, ADSUAR, MUÑIZ & GOYCO, Y JOSE AXTMAYER, ENRIQUE ADSUAR, JR.,
RICARDO MUÑIZ, FERNANDO GOYCO COVAS, FRANCISCO A. BESOSA, DANILO M. EBOLI,
CARLOS F. RAMIREZ DE ARELLANO, MARIA DE LOURDES RODRIGUEZ,
Y DEWIN J. SEDA FERNANDEZ
Terceros Demandados-Peticionarios

Núm. KLCE-01-00437

San Juan, Puerto Rico, a 24 de mayo de 2001

Panel integrado por su Presidenta, la Juez Pesante Martínez,
y los Jueces Rodríguez García y Salas Soler

Pesante Martínez, Jueza Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Comparecen los terceros demandados y peticionarios, Bufete Axtmayer, Adsuar, Muñiz y Goyco y José Axtmayer, Enrique Adsuar, Jr., Ricardo Muñiz, Fernando Goyco Covas, Francisco A. Besosa, Danilo M. Eboli, Carlos F. Ramírez de Arellano, María de Lourdes Rodríguez y Edwin J. Seda Fernández, solicitando la revisión de una orden dictada por el Tribunal de Primera Instancia, Sala Superior de Caguas, para que los peticionarios contesten adecuadamente unos requerimientos de admisiones sometidos por los demandantes Ponce Bank.

Se deniega el auto solicitado.

### I

El caso de epígrafe se originó cuando Ponce Bank (recurrido), conocida antes como Ponce Federal Bank, demanda a San Pedro Estates y otros. San Pedro Estates, a su vez presentó demanda de terceros en contra de su representante legal, el Bufete Axtmayer (peticionarios), por impericia profesional. Mediante enmienda, San Pedro Estates incorporó como codemandados a todos los socios del bufete.

Así las cosas, los recurridos notificaron a los peticionarios unos requerimientos de admisiones, los cuales

fueron contestados. Inconforme con las respuestas, presentaron una moción solicitando contestar debidamente los requerimientos de admisiones. Los comparecientes presentaron *"Moción Solicitando Vista, Solicitud de Resolución y en la alternativa, Solicitud de Orden Protectora"*.

A manera de ejemplo, procederemos a exponer algunos de los requerimientos de la parte demandante Ponce Bank, las contestaciones de los peticionarios, y las objeciones que dan motivo a este recurso:

Requerimiento Número cinco (5): Admita que conforme a los términos del *"Settlement Contract"* la ejecución y subasta objeto del caso ECD-93-0028 debía excluir cualquier otro predio comprendido por el remanente de la finca 43,909 que no fuere uno de los diecisiete (17) solares residenciales.

Contestación: Se admite solamente que el *"Settlement Contract"* contiene todos los términos y condiciones estipulados por sus otorgantes.

Objeción: Véase lo expresado con relación a la contestación al requerimiento cuatro (4). En la cuarta objeción la parte demandante alegó:

En primer lugar, conforme la Regla de referencia, la parte interpelante puede requerir a la parte interpelada que admita la veracidad de opiniones al respecto a los hechos. En segundo lugar, el preámbulo de la contestación y el adverbio *"solamente"* utilizado en la misma conlleva la inferencia que se está negando algo, sin que se incluya una negación bajo juramento, lo que es improcedente. Procede que se ordene a los terceros demandados contestar cabalmente el requerimiento de referencia. Por los mismos fundamentos, procede que se ordene a los terceros demandados contestar debidamente el requerimiento de referencia.

Argumento: La parte aquí compareciente entiende que la contestación a este requerimiento es perfectamente adecuada y suficiente, ya que el requerimiento se refiere a un documento que habla por sí mismo. Los contratos son ley entre las partes. Estos se rigen por la intención de los otorgantes al momento de contratar. Estos son los únicos que conocen qué perseguían cuando firmaron el contrato. Es por esto que sólo podemos afirmar que el *"Settlement Contract"* contiene todos los términos y condiciones estipulados por sus contratantes, ya que no estamos en posición de interpretar dicho contrato. Corresponde a sus otorgantes o a un representante de ellos hacerlo y al Honorable Tribunal si la interpretación está en controversia.

Requerimiento Número Seis (6): Admita que el otro predio comprendido por el remanente de la finca 43,909, excluido los diecisiete (17) solares residenciales, era un solar comercial de aproximadamente 1.25 cuerdas equivalentes aproximadamente a 4930.948 metros cuadrados colindantes con la Carretera Estatal Número Uno (1) denominado subsiguientemente el lote comercial o el solar comercial.

Contestación: El requerimiento número seis (6) no se admite, ni se niega, ya que se desconoce la cabida del remanente de la finca gravando la deuda contraída con Ponce Bank.

Objeción: Como queda dicho, la falta de información y conocimiento no es fundamento suficiente para rehusar contestar o de otro modo objetar un requerimiento, a menos que la parte interpelada demuestre que ha hecho las gestiones necesarias para obtener dicha información y que la información conocida u obtenida es suficiente para admitir o negar. Procede que se ordene a los terceros demandados contestar dicho requerimiento cabalmente.

Argumento: No podemos admitir, ni negar este requerimiento, ya que no tenemos en nuestro poder ningún documento original que acredite la cabida del remanente de la finca que grava la deuda. Además, como es

sabido, ni siquiera el Registro de la Propiedad puede asegurarse de la cabida de una finca.

Requerimiento Número Treinta y Uno (31): Admita que el contrato de servicios profesionales entre el Bufete y San Pedro quedó evidenciado mediante cartas suscritas el 29 de noviembre de 1994 por el Lcdo. Francisco Besosa y el 13 de diciembre de 1994 por el Lcdo. Danilo M. Eboli, respectivamente, en representación de dicho Bufete.

Contestación: El requerimiento expone conclusiones de derecho que no es necesario admitir.

Objeción: Contrario a lo que los terceros demandados aducen, el Requerimiento 31 no se refiere a cuestiones de derecho, sino de hecho. Además, la Regla 33 [de las de Procedimiento Civil] permite al interpelante requerir admisiones, no sólo respecto a los hechos, sino también opiniones sobre éstos, la aplicación del derecho a los mismos. Procede que se ordene a los terceros demandados contestar debida y cabalmente el Requerimiento de referencia. (Lo entre corchetes es nuestro.)

Argumento: La existencia de un contrato de servicios profesionales y su interpretación es cuestión de derecho, amén de existir dichas comunicaciones, éstas hablan por sí solas."

Posteriormente, los peticionarios solicitaron una orden protectora porque entendían que la parte demandante actuó (mediante el requerimiento de admisiones) de forma opresiva, hostigadora y perturbadora.

La orden protectora fue declarada No Ha Lugar, y se ordenó a los terceros demandados a contestar adecuadamente las preguntas número 5, 6, 7, 11, 12, 14, 18, 23, 26, 27, 28, 29, 31, 40, 44, 63, 65, 76, 78, 82, 83, y 109. Inconforme con la orden del tribunal de instancia, los peticionarios acuden ante este foro alegando el siguiente señalamiento de error:

*"Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Caguas, al ordenar a los aquí comparecientes a contestar los Requerimientos de Admisiones números 5, 6, 7, 11, 12, 14, 18, 23, 26, 27, 28, 29, 31, 40, 44, 63, 65, 76, 78, 82, 83, y 109 en un plazo de veinte (20) días, sin ni tan siquiera ordenar una vista con las partes para hacer un análisis de la controversia sobre la adecuacidad de las contestaciones."*

Por las razones que expondremos, denegamos el recurso solicitado.

## II

El *"requerimiento de admisiones"* es uno de los mecanismo de descubrimiento de prueba por las Reglas de Procedimiento Civil. Siendo ello así, procede definir el alcance y propósito permitido de dicho descubrimiento.

Es norma reiterada que el descubrimiento de prueba debe ser amplio y liberal. *Lluch v. España Service Sta.,* 117 D.P.R. 729, 743 (1986); *Ades v. Zalman,* 115 D.P.R. 514, 517 (1984); *Rivera Alejandro v. Algarín,* 112 D. P.R. 830, 834 (1982); *Sierra v. Tribunal Superior,* 81 D.P.R. 554, 560 (1959); *Shell Co. (P.R.) Ltd. v. Tribunal de Distrito,* 73 D.P.R. 451, 461 (1952). Un sistema liberal de descubrimiento de prueba antes del juicio facilita la tramitación de los pleitos y evita inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran -hasta el día de la vista-, las cuestiones y los hechos que en realidad son objeto del litigio. El Dr. José A. Cuevas Segarra, en su texto *Tratado de Derecho Procesal Civil,* Tomo I, **Publicaciones J.T.S.,** 2000, pág. 469, sintetiza el propósito de las reglas procesales relacionadas al descubrimiento de prueba:

*"El propósito de las reglas es obtener admisiones de la parte contraria para limitar así los hechos en controversia y evitar la necesidad de llevar al juicio numerosos testigos. Es por esa razón que se ha sostenido*

*que porque una parte tenga conocimiento de ciertos hechos, no se le debe impedir que interrogue a la parte contraria sobre esos mismos hechos. A.F.F. v. Corte, 66 D.P.R. 844, 851 (1947) (Travieso). Se interesa aligerar el juicio y relevar a las partes del costo de probar hechos que no pueden ser disputados durante la audiencia y cuya veracidad pueda ser establecida mediante el uso de los medios del descubrimiento. Champlin v. Oklahoma Furniture Mfg. Co., 324 F.2d 74 (1963). Bien utilizado, el descubrimiento de prueba acelera los procedimientos, propicia las transacciones y evita sorpresas indeseables en el juicio." Lluch v. España Serv. Sta.,* 117 D.P.R. 729, 743 (1986), **86 J.T.S. 69** (Naveira).

El amplio alcance del descubrimiento de prueba está establecido en la Regla 23.1 (a) de Procedimiento Civil, 32 L.P.R.A. Ap. III, y dispone:

*"El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, de conformidad con las disposiciones de estas reglas, será como sigue:*

*(a) En general. Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción, el que la información soicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible."*

Como puede observarse, la antedicha regla contiene sólo dos limitaciones: (1) que la información solicitada no sea materia privilegiada, y (2) que la misma sea pertinente al asunto en controversia. *Ades v. Zalman, supra; Rodríguez v. Scotiabank de P.R.,* 113 D.P.R. 210, 212 (1982); *Rivera Alejandro v. Algarín, supra; Ward v. Tribunal Superior,* 101 D.P.R. 865 (1974). El término *"privilegiado",* según utilizado tanto en las Reglas de Procedimiento Civil, como en las Reglas de Evidencia, 32 L.P.R.A. Ap. IV, se refiere exclusivamente a aquellos privilegios reconocidos en las Reglas 23 a la 32 del antedicho cuerpo. *Rivera Alejandro v. Algarín, supra.* Estos privilegios deberán ser interpretados restrictivamente con relación a cualquier determinación sobre la existencia de los mismos, de tal manera que se evite su extensión indebida. *Rodríguez v. Scotiabank, supra; García Negrón v. Tribunal,* 104 D.P.R. 727 (1976); *Ward v. Tribunal Superior, supra.*

El concepto de pertinencia utilizado en la citada Regla 23.1(a) resulta ser más amplio que aquel contemplado en las Reglas de Evidencia, hasta que exista una probabilidad razonable de relación con el asunto en controversia para que la información objeto del descubrimiento sea considerada pertinente.

A su vez, la Regla 23.1 (b) de Procedimiento Civil, *supra,* delimita el alcance del descubrimiento de prueba. La regla dispone:

*"(b) Documentos, objetos y otra prueba obtenida en preparación para el juicio. Sujeto a las disposiciones del inciso (c) de esta regla, una parte podrá hacer descubrimiento de documentos y objetos que, con anterioridad al pleito o para el juicio, hayan sido preparados por o para otra parte, o por o para el representante de dicha parte, incluyendo su abogado, consultor, fiador, asegurador o agente. Estarán fuera del alcance del descubrimiento las impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso, del abogado o de cualquier otro representante de una parte. Una parte podrá requerir de la otra una lista de los testigos que la parte solicitada intenta utilizar en el juicio, así como un resumen breve de lo que se propone declarar cada uno. Igualmente, cualquier parte podrá requerir a cualquier otra que produzca copia de todas las declaraciones de testigos en poder de dicha parte. Asimismo, tanto las partes como los testigos, pueden*

*obtener copia de cualquier declaración prestada por ellos anteriormente. Para los propósitos de esta regla, una declaración prestada con anterioridad al juicio, incluye cualquier declaración escrita, firmada o aprobada por la persona que la prestó, o cualquier tipo de grabación de una declaración o la transcripción de la misma."*

Por su parte, la Regla 23.2, *supra*, provee para la emisión de órdenes protectoras por el tribunal. Esta Regla reza de la siguiente manera:

*"A solicitud de parte o de la persona en relación con la cual se utiliza el descubrimiento, y por justa causa, el tribunal podrá emitir cualquier orden que se requiera en justicia para proteger a dicha parte o persona de hostigamiento, perturbación u opresión, así como cualquier gasto o molestia indebida. [...]"*

En *Ades v. Zalman, supra*, el Tribunal de Puerto Rico nos ofrece un resumen de lo que constituye un abuso de descubrimiento de prueba. Este nos indica sobre el particular:

*"El término 'abuso de descubrimiento de prueba' ha sido utilizado como un concepto único, pero incluye diversos aspectos. Así, es adecuado subdividir 'abuso' en 'uso impropio' y 'sobre utilización'. Cuando no referimos a 'uso impropio', incluimos no sólo las violaciones directas a esta regla, como faltar a responder un requerimiento de descubrimiento dentro del tiempo límite establecido, sino también a más sutiles intentos de acosar u obstruir al oponente, como darle respuestas inadecuadas o requerirle información que claramente se encuentra fuera del ámbito el descubrimiento. Por 'sobre utilización', por su parte, puede se subdividida en problemas de 'profundidad' y de 'extensión'; por profundidad nos referimos a requerimiento de descubrimiento de materia que podría ser relevante, pero que es simplemente excesiva, y por 'extensión' nos referimos al requerimiento de descubrimiento que va a materias demasiado remotas del caso."* (Traducción nuestra.) C.A. Wright, *Law of Federal Courts*, 4ta. ed., St. Paul, Minnesota, West Pub. Co., 1983, pág. 542. *Ades v. Zalman*, 115 D.P.R. 515, 523 (1984). (Enfasis nuestro.)

La parte que alega que se le está sometiendo a un descubrimiento de prueba opresivo o indebido, debe solicitarle al tribunal una orden de protección al amparo de la citada Regla 23.2 de las de Procedimiento Civil. La orden del tribunal podrá decretar, por justa causa, entre otras medidas: (a) que no se lleve a cabo el descubrimiento; (b) que no se lleve a cabo el descubrimiento de ciertas materias, y (c) que se limite el alcance de las mismas. *Rodríguez v. Scotiabank de P.R., supra*, pág. 212. Esto, luego de examinar: si la información solicitada es pertinente; si es de carácter privilegiado; y si procede dictar en estas circunstancias una orden protectora. En el caso de autos, el tribunal de instancia entendió que no procedía la orden protectora, y ordenó a los peticionarios a contestar debidamente el requerimiento de admisiones.

La Regla 33 de Procedimiento Civil, 32 L.P.R.A. Ap. III, define y regula el requerimiento de admisiones, y persigue el propósito de aligerar los procedimientos, definiendo y limitando las controversias del caso, proporcionando así un cuadro más claro sobre las mismas a base de las admisiones que haga la parte. *Audiovisual Language v. Sistema de Estacionamiento Natal Hermanos*, __ D.P.R. __ (1997), **97 J.T.S. 147**, pág. 398, opinión de 15 de diciembre de 1997.

Esta regla es un mecanismo sencillo y económico, de excepcional utilidad en la práctica contenciosa. Al amparo de la misma, se puede requerir que se admita la veracidad de cualquier materia que esté dentro del alcance de la discutida Regla 23.1, que se relacionen con cuestiones de hechos o con la aplicación de la ley a los hechos y la autenticidad de cualquier documento que se acompañe con el requerimiento. Dr. Cuevas Segarra, José A., *Tratado de Derecho Procesal Civil*, **Publicaciones JTS**, *supra*, pág. 565. Esto, incluye hechos que estén en controversia y opiniones relacionadas con los hechos o con la aplicación de la ley a éstos, pero no de materias puramente legales. *Audiovisual Language. v. Sistema de Estacionamiento Natal Hermanos, supra*,

pág. 399.

Además, la Regla 33, dispone que si la parte no cumple con el término de veinte (20) días para admitir, negar u objetar bajo juramento, las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas.

Las disposiciones de la regla son mandatorias, no meramente directivas, lo que requiere que haya un cumplimiento sustancial de las mismas. Al aplicar e interpretar la Regla 33 no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial. Mediante esta regla procesal, se pueden lograr "*admisiones que podrían usualmente evadirse al contestar las alegaciones o interrogatorios o las preguntas formuladas en el curso de una deposición*". *Audiovisual Language v. Sistema de Estacionamiento Natal Hermanos, supra*, pág. 400.

En lo pertinente, la citada regla dispone:

"*Regla 33 Requerimiento de Admisiones:*

*(a) Requerimiento de admisión. A los efectos de la acción pendiente únicamente, una parte podrá requerir por escrito a cualquier otra parte que admita la veracidad de cualesquiera materias dentro del alcance de la Regla 23.1 contenidas en el requerimiento, que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la ley a los hechos, incluyendo la autenticidad de cualquier documento descrito en el requerimiento. [...]*"

Nada hay en los autos del caso que pruebe que la razón de ser de este requerimiento de admisiones sea opresivo, hostigador o perturbador. Tampoco, según lo define el Tribunal Supremo en *Ades v. Zalman, supra,* hubo por parte de los recurridos abuso de descubrimiento de prueba. Por el contrario, según obra en el expediente, resulta evidente que su propósito es obtener admisiones de la parte contraria para limitar así los hechos en controversia.

El descubrimiento solicitado es pertinente y el mismo no constituye, tampoco, materia privilegiada. La orden de protección solicitada no procedía. Al así decidir, hemos tomado en consideración que a los fines del descubrimiento de prueba, lo que es pertinente, debe interpretarse en términos amplios; las reglas procesales se interpretarán de modo que garanticen una solución justa, rápida y económica de todo procedimiento. Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 1.

Por todo lo anterior, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General